# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**ABDUL KARIM AJAMU**

        Petitioner,     :         Case No. 1:11-cv-474

  - v -                                       Chief Judge Susan J. Dlott
                                                  Magistrate Judge Michael R. Merz

**ROBIN KNAB, Warden, Chillicothe**
 **Correctional Institution,**

        Respondent.     :

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought by Petitioner Ajamu under 28 U.S.C. § 2254 to obtain release from the custody of Respondent. Petitioner was sentenced to eight years confinement on his conviction for felonious assault in the Hamilton County Common Pleas Court. He pleads the following Grounds for Relief:

> **Ground One:** The jury erred to the prejudice of Defendant-Appellant by finding him guilty of felonious assault, as those findings were not supported by sufficient evidence, and the state failed to meet its burden of proof.
>
> **Supporting Facts:** The State failed to meet its burden of proving that Defendant-Appellant was guilty of felonious assault.
>
> **Ground Two:** The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of felonious assault, as those findings were contrary to law and were against the manifest weight of evidence.

**Supporting Facts**: When a finding is against the manifest weight of the evidence, Defenant-Appellant is entitled to a new trial.

**Ground Three:** The trial court erred to the prejudice of the Appellant by not giving a jury instruction on inferior degree offense of aggravated assault and the lesser included offense of assault.

**Supporting Facts:** The trial court should have instructed the jury on the inferior degree offense of aggravated assault and the lesser included offense of assault.

**Ground Four:** Appellant was prejudiced by the state's misconduct in its closing statements.

**Supporting Facts:** The State committed prosecutorial misconduct in its closing statements, which were related to my past record, and had nothing to do with my current charge.

**Ground Five:** The trial court erred to the prejudice of the Appellant by imposing a sentence that is contrary to law because it is excessive.

**Supporting Facts:** Appellant was sentenced to a maximum sentence of 8 years. Although the sentence was in the sentence range and not contrary to law, was an abuse of the trial court's discretion, as it was erroneous and excessive.

**Ground Six:** The trial court erred to the prejudice of the Appellant by overruling his Motion for Acquittal under Ohio Criminal Procedure Rule 29, as the State failed to meet its burden of proving that Appellant was guilty of felonious assault.

**Ground Seven:** Appellant was initially indicted on 1 counts [sic] of felonious assault 3/10/09 in Hamilton County, CASE:B-090140S, and CONTROL NO.302103. On 3/12/2009 Appellant was indicted again with another indictment with 3 counts of felonious assault on the same person.

**Supporting Facts:** The face of the second indictment had been changed from what the first indictment alleged. On or about October 22, 2009 the State presents 2 Motions, which was to tell the court they only going forth with one count of felonious assault, which I was not present for the hearing; nor did I have any idea of which counts were being dismissed. I honestly believe this process was done out of my presents [sic], but I can't be sure. The only

thing I'm sure about is that no one gave me a chance to have a say on dismissing the counts of the indictment.

**Ground Eight:** The State would not allow me to talk about me being on drugs at the time of the offense, nor would the State permit me to discuss the fact that I suffer from post-tramatic [sic] stress disorder, which is the result of my being a Vietnam War Vet. Yet they allowed the alleged victim to talk about drugs.

**Ground Nine:** Conflicting testimony where a witness for the State says no one was outside, but both officers said they saw several subjects standing outside. Officer also testified that upon his arrival I was standing over this alleged victim, but the State's witness stated that I was on my knees hitting this person.

**Ground Ten:** The State refuse [sic] to acknowledge the Serious Provocation. I was hit first, stolen from, kicked; all in the process of trying to get my money back. This was mutual combat, and being that this was a woman I tried to avoid this confrontation.

(Petition, Doc. No. 1). On Judge Bowman's Order (Doc. No. 2), the Warden has filed a Return of Writ (Doc. No. 7). Now assisted by counsel, Petitioner has filed a Traverse (Doc. No. 11).

**Procedural History**

Petitioner Ajamu was indicted on March 12, 2009, by the Hamilton County Grand Jury on three counts of felonious assault for three different injuries suffered by Tonya Browner during a fight she had with Petitioner. The three counts were consolidated into one before a jury trial at which Petitioner was found guilty. After a pre-sentence investigation, he was sentenced to eight years imprisonment, the maximum penalty authorized by Ohio law for felonious assault.

Mr. Ajamu appealed to the First District Court of Appeals, raising six assignments of error which were all overruled. *State v. Ajamu,* Case No. C-100016 (Ohio App. 1st Dist., Dec. 29, 2010)(unreported, copy at Return of Writ, Ex. 10, PageID 107-115)(hereinafter cited as *State*

*v. Ajamu, supra*, PageID ___). The Ohio Supreme Court declined to take jurisdiction over a subsequent appeal. (Entry, Return of Writ, Doc. No. 7, Ex. 14, PageID 156.) The instant Petition followed within the time allowed by 28 U.S.C. § 2244.

**Analysis**

**Grounds One and Six**

In his First and Sixth Grounds for Relief, Petitioner challenges the sufficiency of the evidence presented at trial. Ground One raises the question directly and Ground Six challenges denial of a motion for judgment of acquittal on which the same standard – sufficiency of the evidence – is the critical question.

The Warden concedes these two claims were properly preserved for federal habeas merit review by being presented to the Ohio courts and being decided by them on the merits (Return of Writ, Doc. No. 7, PageID 45-48). In the Traverse, Petitioner also argues these Grounds for Relief together and on the merits (Traverse, Doc. No. 11, PageID 881-882).

The Due Process Clause of the Fourteenth Amendment requires that a state criminal conviction be supported by evidence on each element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the

testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

In deciding this issue, the Hamilton County Court of Appeals wrote:

> In his third assignment of error, Ajamu contends that the evidence was insufficient to support his conviction. In his fifth assignment of error, he contends that the trial court erred in overruling his Crim.R. 29 motion for a judgment of acquittal, which is the same as a claim that the evidence was insufficient to support his conviction. *Brundage*, supra, at ¶27, These assignments of error are not well taken.
>
> Our review of the evidence shows that a rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found that the state had proved beyond a reasonable doubt all elements of felonious assault under R.C. 2903.11(A)(1). Therefore, the evidence was sufficient to support the convictions. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *State v. Murray*, 156 Ohio APP.3d 219, 2004-0hio-654, 804 N.E.2d 156, ¶3. We overruled Ajamu's third and fifth assignments of error.

*State v. Ajamu, supra,* at PageID 113-114. Although the review of evidence is cursory in this portion of the opinion, the court of appeals set out the evidence at length earlier in its judgment entry.

The statute in question, Ohio R. Code § 2903.11(A)(1), requires proof that the offender knowingly caused serious physical harm to the victim. In arguing these two Grounds for Relief, Petitioner asserts that there was insufficient evidence because "[o]nly one eyewitness testified that Petitioner's actions caused harm (Mr. Buhr stated that Petitioner punched the victim in the face)." (Traverse, Doc. No. 11, PageID 882.) That summary ignores the victim's testimony about how she was attacked, the Petitioner's own admission of hitting her, and Cincinnati Police

Officer Dent's testimony about finding Petitioner hovering over the victim with blood on his hands and jacket, all cited in the court of appeals' entry. It is not just non-police third-party direct testimony which counts in the *Jackson v. Virginia* analysis, but all of the evidence which was admitted.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Based on the evidence recited in the court of appeals' judgment entry, its decision was neither contrary to nor an objectively unreasonable application of clearly established federal law. Therefore the First and Sixth Grounds for Relief should be dismissed with prejudice.

**Ground Two**

In his Second Ground for Relief, Petitioner asserts his conviction is against the manifest weight of the evidence. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010);*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a

federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The Warden asserts that Ground Two, although properly presented to the state courts, is not cognizable in federal habeas corpus because there is no federal constitutional protection against being convicted against the manifest weight of the evidence (Return of Writ, Doc. No. 7, PageID 48-49). Petitioner replies, citing only Ninth Circuit precedent, that the "failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment." (Traverse, Doc. No. 11, PageID 882.)

Petitioner's argument requests this Court to second guess the Hamilton County Court of Appeals on a question of state law, to wit, whether the conviction was against the manifest weight of the evidence, an exercise we are not permitted. Petitioner cites no United States Supreme Court precedent to the effect that a conviction against the manifest weight of the evidence violates any federal constitutional right.

Therefore the Second Ground for Relief should be dismissed with prejudice for failure to state a claim upon which federal habeas corpus relief can be granted.

**Ground Three**

In his Third Ground for Relief, Petitioner asserts the trial judge should have instructed the jury so as to permit verdicts on the less serious offenses of aggravated assault or simple assault.

The Warden asserts this claim is procedurally defaulted because it was never presented to the Ohio courts as a federal constitutional claim. Instead, the Warden says, Petitioner cited only

Ohio case law in support of what was his first assignment of error on direct appeal (Return of Writ, Doc. No. 7, PageID 49-50). On that point the Warden is clearly correct (See Appellant's Merit Brief, Return of Writ, Doc. No. 7, Ex. 8, PageID 73).

Petitioner responds that the court of appeals understood it was deciding a federal constitutional question because it cited to "*Jackson, supra.¶ 9*" (Traverse, Doc. No. 11, PageID 883) *citing State v. Ajamu*, *supra*, PageID 111. On the contrary, the citation by the court of appeals is not to *Jackson v. Virginia*, the United States Supreme Court case relevant to Grounds One and Six, but to *State v. Jackson,* Case No. 090414, 2010-Ohio-4312 (Ohio App. 1st Dist. Sept. 15, 2010), cited in full by the court of appeals at p. 4, n. 2 (PageID 110). That *Jackson* case is an interpretation of Ohio R. Code § 2941.25, the Ohio allied offenses statute, and does not relate to any constitutional questions on lesser included offenses. The court of appeals evinces no understanding that it is deciding a federal constitutional question.

In addition, the Warden asserts that the claim is not cognizable because there is no clearly established federal constitutional right to have the jury instructed on lesser offenses in a non-capital case. *Id.* at PageID 50-52. Petitioner responds by citing inapposite cases. *Taylor v. Kentucky*, 436 U.S. 478 (1978), was a refusal to instruct on presumption of innocence, not a lesser degree offense. *Jenkins v. Bordenkircher*, 611 F.2d 162 (6th Cir. 1979), was an affirmance of denial of the writ where the claims related to change of venue, recusal of the trial judge, and severance. *Brewer v. Overberg*, 624 F.2d 51 (6th Cir. 1980), did hold that state court failure to instruct on lesser included offenses was cognizable in federal habeas, but was handed down sixteen years before Congress limited our habeas authority to consideration of Supreme Court law in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). *Allen v. Morris*, 845 F.2d 610 (1988), followed *Brewer v. Overberg*,

supra, but was still handed down before the AEDPA was enacted. Petitioner has not shown that there is a clearly established federal constitutional right to a jury instruction on a lesser degree offense in a non-capital case.

Petitioner's argument for an instruction on aggravated assault, as opposed to felonious assault, was that there was enough evidence of serious provocation by the victim to permit submission of the issue to the jury (Traverse, Doc. No. 11, PageID 883-885). In deciding this question, albeit purely as a question of state law, the court of appeals noted that "[t]he serious provocation inquiry is a factual inquiry that contains both objective and subjective components." *State v. Ajamu, supra*, PageID 110. The objective component requires the provocation to be such as would arouse the uncontrollable passion of an ordinary person; the subjective component requires a finding that the defendant in fact acted under the control of that passion. *Id.* It noted that Petitioner relied in substantial part on past altercations which do not satisfy the test in Ohio "because sufficient cooling off time has passed." *Id.* at PageID 111, *citing State v. Mack*, 82 Ohio St. 3d 198 (1998). Additionally, it held Petitioner could not satisfy the subjective component because he himself never testified he acted out of rage or passion, but instead admitted he could have walked away at any time. *Id.* Thus even if failure to give a lesser included charge were a cognizable constitutional claim, the court of appeals' decision that it was not warranted in this case was not objectively unreasonable.

Finally, a request for a charge on simple assault was not even colorably reasonable where, as the court of appeals found, Petitioner broke the victim's leg and crushed her hand.

Therefore Ground Three should be dismissed with prejudice.

**Ground Four**

In his Fourth Ground for Relief, Petitioner argues he was denied a fair trial by prosecutorial misconduct in closing argument. The asserted misconduct was mentioning in closing that Petitioner had been convicted of failing to notify the authorities of an address change, required because he is a registered sex offender.

The Warden concedes this Ground is properly preserved for habeas review and states a constitutional claim. The Warden argues, however, that the court of appeals' rejection of the claim is neither contrary to nor an objectively unreasonable application of Supreme Court law. The Traverse argues the contrary.

On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright,* 477 U.S. 168 (1986); *Wogenstahl v. Mitchell*, 668 F.3d 307, 327-328 (6th Cir. 2012), *citing Smith v. Mitchell,* 567 F.3d 246, 265 (6th Cir. 2009); *Bates v. Bell*, 402 F.3d 635, 640-41 (6th Cir. 2005); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999) or whether it was "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir. 1979); *accord Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir. 1979), *aff'd sub nom*, *Watkins v. Sowders*, 449 U.S. 341 (1981); *Stumbo v. Seabold*, 704 F.2d 910 (6th Cir. 1983). The court must first decide whether the complained-of conduct was in fact improper. *Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003), *citing United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001). A four-factor test is then applicable to any conduct the Court finds

inappropriate: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and whether the evidence against the defendant was strong." *Id.* The court must decide whether the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt. *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982). The court must examine the fairness of the trial, not the culpability of the prosecutor. *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1355 (6th Cir. 1993), *quoting Smith v. Phillips*, 455 U.S. 209, 219 (1982). In *Serra*, the Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.,* at 1355-56, *quoting Angel*, 682 F.2d at 608). The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 572 (1997); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988). Claims of prosecutorial misconduct are reviewed deferentially on habeas review. *Thompkins v. Berghuis,* 547 F.3d 572 (6th Cir. 2008), *citing Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004).

Petitioner presented this claim to the court of appeals as his second assignment of error. That court decided the claim as follows:

> In his second assignment of error, Ajamu contends that the assistant prosecutor made an improper statement during closing argument. He argues that the assistant prosecutor prejudiced him when he told the jury that Ajamu was a registered sex offender, a

> fact that had never been introduced into evidence. This assignment of error is not well taken.
>
> Prosecutors are normally entitled to wide latitude in their remarks. [citation omitted] The test for prosecutorial misconduct is (1) whether the remarks were improper, and (2) if so, whether the remarks affected the accused's substantial rights. [citation omitted] The conduct of the prosecuting attorney cannot be grounds for error unless it deprives the defendant of a fair trial. [citation omitted]
>
> The record shows that during his rebuttal argument, the assistant prosecutor responded to defense counsel's argument that Browner was not credible due to her criminal history. The prosecutor compared Browner's record of nonviolent offenses with Ajamu's violent history. He noted that Ajamu was on parole for two counts of robbery, three counts of rape, "a drug law violation, a felony theft, and failure to provide written notice of change of address for sex offenders."
>
> Ajamu objected and moved for a mistrial. Then court denied both, stating that the jury was aware of Ajamu's three prior rape convictions. The court stated, "Given the defendant's admitted conviction for rape, it's not that significant." The court did give a limiting instruction to the jury, informing them that they could only consider evidence of Ajamu's convictions for specific purposes.
>
> In the context of the entire case, we cannot hold that the assistant prosecutor's single comment that Ajamu was a convicted sex offender was, by itself, sufficient to deny Ajarou a fair trial, given that Ajamu had acknowledged his previous rape convictions and that the court had given a limiting instruction. As a reviewing court, we presume that the jury followed the court's instruction. [citation omitted] Consequently, we overrule Ajamu's second assignment of error.

*State v. Ajamu, supra*, PageID 112-113. While the court of appeals did not cite the federal case law noted above, it relied on state case law embodying the same standard. Reviewing its decision deferentially under the AEDPA, this Court cannot say its decision was objectively unreasonable. It noted that the remark was improper because there was nothing in evidence about Petitioner's failure to register as a sex offender. However, it found the remark was not prejudicial. The comment was isolated. It was not contrary to fact. Since Petitioner took the

stand, the prosecutor could have inquired about the conviction on cross examination to impeach Petitioner's credibility. Presumably he did not do so because other prior convictions, including the rape convictions which required Petitioner to notify the sheriff of address changes, were much more damaging. The proof of guilt was great, including footage from police cruiser's vidcam. The trial judge instructed the jury they could consider the matter only for impeachment and, under Ohio law, it was relevant for that purpose.

Given the context of the trial as a whole, the court of appeals' decision on this second assignment of error was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent. Since there was no constitutional error here, the issue of harmless error briefed by the parties need not be decided. Ground Four should be dismissed with prejudice.

## Ground Five

In his Fifth Ground for Relief, Petitioner argues his sentence of eight years is excessive and therefore contrary to law.

The Warden argues that this Ground for Relief was presented to the state courts solely as an issue of state law and not as a federal constitutional issue (Return of Writ, Doc. No. 7, PageID 56-57). In the Traverse, Petitioner does not contradict that point and re-argues the question on a state law basis (Traverse, Doc. No. 11, PageID 888).

As noted above, a federal habeas court does not sit to review state court decisions on questions of state law. Whether or not the sentence was excessive as a matter of state law is a matter for the state court of appeals to decide and its decision is binding on us.

Had Petitioner presented this question to the state courts as one of cruel and unusual punishment, cognizable under the Eighth Amendment, he would still not be entitled to relief. As the court of appeals noted, the sentencing judge considered Petitioner's "extensive criminal history, the brutality of the assault, and the severity of Browner's injuries." *State v. Ajamu, supra*, PageID 115. This Court cannot say that an appellate decision affirming an eight year sentence imposed on considering those factors is an unreasonable application of Supreme Court precedent. Ground Five should be dismissed with prejudice.

**Grounds Seven through Ten**

The last four Grounds for Relief in the Petition were concededly never presented to the state courts (Petition, Doc. No. 1, PageID 15). In the Petition, Mr. Ajamu attempts to excuse this failure by claiming he did not have the state court trial transcripts at the relevant time. *Id.* However, the record plainly shows, as the Warden notes, that his attorney had a transcript, if indeed one was needed to make these claims on direct appeal.

In the Traverse, Petitioner's counsel indicates Grounds Eight and Ten do not provide an independent basis for habeas relief. However, she asserts Ground Seven (amendment of the indictment) and Ground Nine (conflicting witness testimony) are independent bases and Petitioner should now be permitted to exhaust them in the state courts. Counsel does not contradict the assertion of the Warden that these claims were never raised in the state courts.

Neither Ground Seven nor Ground Nine states a constitutional claim. The amendment to the indictment reduced the charges from three counts of felonious assault based on the separate injuries to one count. Not only is grand jury indictment not constitutionally required, but the amendment did no injury to Petitioner. And the fact that there was conflicting witness testimony is simply immaterial unless it rises to the level of preventing there from being sufficient evidence, which these incidents do not. Moreover, counsel has not suggested what remedy might be available to Petitioner in the state courts. Since these claims both depend on the trial court record, they would be barred by *res judicata* from presentation in post-conviction under Ohio R. Code § 2953.21. *State v. Perry*, 10 Ohio St. 2d 175 (1967).

Because Grounds Seven through Ten are procedurally defaulted, they should be dismissed with prejudice.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

Circuit that any appeal would be objectively frivolous.

May 29, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).