# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ABDUL JARIM AJAMU,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 1:11-cv-474 |
| - vs - | | | Chief Judge Susan J. Dlott |
| | | | Magistrate Judge Michael R. Merz |
| WARDEN, Chillicothe | | | |
| Correctional Institution, | | | |
| | | : | |
| | Respondent. | | |

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Extension of Time to Appeal (Doc. No.21).  Since this is a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

Judgment was entered in this case on July 18, 2012 (Doc. No. 16).  Included in Chief Judge Dlott's Order adopting the dispositive Report and Recommendations in this case was a denial of a certificate of appealability and a certificate to the Sixth Circuit that an appeal would not be taken in objective good faith (Doc. No. 16, PageID 931).

Petitioner filed his Notice of Appeal October 15, 2013, approximately fifteen months after judgment (Doc. No. 18).  The Court has already filed a Deficiency Order with respect to that Notice because the filing fee of $455 was not tendered (Doc. No. 19).  Ajamu now seeks an extension of time to file the Notice of Appeal, blaming the failure to file on his attorney's withdrawal from representation.

Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal from a district court to the court of

1

appeals in a civil case[1] must be filed "within 30 days after the entry of the judgment or order appealed from"; in this case that time expired August 17, 2012. Under Fed. R. App. P. 4(a)(5), a district court may extend the time for filing a notice of appeal if a party moves for that relief not later than thirty days after the initial time for appeal expires or, in this case, not later than September 16, 2012. Thus this Court is without authority to grant the relief requested, which should therefore be DENIED.

The Clerk shall serve a paper copy of this Report on Petitioner. If Petitioner's counsel has ceased to represent him in this matter, she must withdraw as trial attorney of record forthwith.

November 8, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

---

[1] Although this case seeks relief from a criminal conviction in state court, habeas corpus cases are classified as "civil" in the federal courts.